**ORIGINAL**



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ALAN KAHN, on behalf of himself and )
all others similarly situated, )  CASE NUMBER.
)
Plaintiff, )
)
v )      **1:06-CV-1008**
)
MORTON INDUSTRIAL GROUP, )           **CAP**
INC., WILLIAM D. MORTON, )
MARK W. MEALY, FRED W. )
BROLING, BRAZOS PRIVATE )
EQUITY PARTNERS, LLC, MMC )
PRECISION HOLDINGS CORP. and )
MMC PRECISION MERGER CORP., )
)
Defendants. )

### NOTICE OF REMOVAL OF CIVIL ACTION FILE NO. 2006CV 114628 PENDING IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA

Pursuant to 28 U.S.C §§ 1331 and 1441, Defendants Brazos Private Equity Partners, LLC, MMC Precision Holdings Corp. and MMC Precision Merger Corp. (the "Brazos Defendants"), hereby notice the removal to this Court of Cause No. 2006CV 114628 from the Superior Court of Fulton County, Georgia. As grounds for Removal, the Brazos Defendants state as follows:

DA1 440819 04 9G4Z04 DOC 46832 0017

## Background

1. On March 27, 2006, Plaintiff Alan Kahn filed a complaint ("Complaint") against Defendants in the Superior Court of Fulton County, Georgia (the "State Court").

2. The Complaint alleges the following causes of action: (1) breach of fiduciary duty and entire fairness, and (2) aiding and abetting breaches of fiduciary duty. The one claim asserted against the Brazos Defendants is the aiding and abetting claim, which has not been recognized as a viable claim under Georgia law.

3. Pursuant to 28 U.S.C. § 1446(a), a complete copy of the State Court file in this action is attached as Exhibit A. The file consists of true and correct copies of the Summons and Complaint. No other proceedings have taken place in State Court as of the date of the filing of this Notice.

4. On March 30, 2006, copies of the Summons and Complaint were served on the Brazos Defendants. The Brazos Defendants file this Notice of Removal within thirty (30) days of the first date of the initial pleadings pursuant to 28 U.S.C. § 1446(b). All Defendants consent to removal.

5       Pursuant to 28 U.S.C § 1446(d), a copy of this Notice of Removal has been served on Plaintiffs counsel, and provided to the Superior Court of Fulton County, Georgia

### Venue

6       Venue is proper in the United States District Court for the Northern District of Georgia, Atlanta Division, under 28 U.S.C. § 1446(a) because this case is pending in the Superior Court of Fulton County, Georgia. This Court is the district and division "embracing the place where [the State Court] action is pending"

### SLUSA Confers Jurisdiction

7.      As set forth below, removal of this action is proper under 28 U.S.C. §§ 1331 and 1441 because the Securities Litigation Uniform Standards Act of 1998, 15 U S C §§ 77p, 78bb(f) ("SLUSA"), required the Plaintiff to bring this action in the United States District Court

8.      Under SLUSA, federal courts are the exclusive jurisdiction for "covered class actions" alleging fraud in connection with the purchase or sale of "covered securities." 15 U.S.C. §§ 77p(b)-(c) and 78bb(f) Pursuant to SLUSA, a case filed in state court should be removed if (1) the action is a "covered class action," (2) the plaintiff's claims are based

on state law, (3) the action is "in connection with" the purchase or sale of a covered security, and (4) the plaintiff alleges that the defendant misrepresented or omitted a material fact or used a manipulative or deceptive device in connection with the purchase or sale of a covered security. *See Riley v Merrill Lynch, Pierce, Fenner & Smith, Inc*, 292 F.3d 1334, 1342 (11th Cir. 2002); *see also Lander v Hartford Life & Annuity Ins Co*, 251 F.3d 101, 107-08 (2d Cir 2001). Plaintiff's Complaint satisfies each of these elements

9.   *First,* this action is a "covered class action" under SLUSA. A "covered class action" is a lawsuit in which "one or more named parties seek to recover damages on a representative basis on behalf of themselves and other unnamed parties similarly situated, and questions of law or fact common to those persons or members of the prospective class predominate over any other questions affecting only individual persons or members." 15 U S C. § 78bb(f)(5)(B)(i)(II)  Plaintiff seeks to recover damages "on his own behalf" and "on behalf of all holders of Morton Class A common stock who are being and will be harmed by defendants' actions" (Compl. ¶ 13), and he alleges that "questions of law and fact which are

common to the Class... predominate over question affecting any individual Class member." (*Id* at ¶ 16).

10. *Second*, Plaintiff's claims are state law claims. Plaintiff alleges breach of fiduciary duties and aiding and abetting breaches of fiduciary duties under Georgia state law. (Compl. ¶¶ 49-59)

11. *Third*, this action is brought in connection with the purchase or sale of a covered security under SLUSA, because shares of Morton Industrial Group Inc are publicly traded on the OTC Bulletin Board, (see 15 U.S.C § 77r(b)(1)(B)), and Plaintiff claims that the Defendants' alleged scheme "was designed to drive a substantial number of Morton shareholders to sell into the market " (Compl. ¶ 54)

12. *Fourth*, Plaintiff alleges that certain Defendants misrepresented or omitted material facts in connection with the purchase or sale of covered securities (Compl ¶¶ 25, 36-42, 53, 58), and used or employed a manipulative or deceptive device or contrivance in connection with the purchase or sale of covered securities (*Id* at ¶¶ 25, 28-42, 53-55, 58). Plaintiff alleges that the Defendants created a "Going-Private Plan" that will "artificially cap the price of Morton common stock just as Morton's two main customers are increasing forecasts for Morton's products, and is

designed to coerce shareholders to vote in favor [of] the Merger through fraudulent and deceptive practices" (*id* at ¶ 28), as set forth below:

> Plaintiff alleges that "Morton's public representations in its March 23, 2006 press release that the Going-Private Plan was approved by a special committee was false and misleading, and designed to give the (false) appearance that the interests of Morton's public shareholders had been appropriately represented." (*Id* at ¶ 41).

> Additionally, Plaintiff alleges that "[t]he Morton Defendants' scheme, and particularly their effort to cap Morton's stock price, was designed to drive a substantial number of Morton shareholders to sell into the market after the announcement of the Going-Private Plan raised the market price of Morton stock. After the announcement of the Going-Private Plan, numerous shareholders sold their shares based on misleading and incomplete disclosure that suggested there was no point waiting for the inevitable Merger " (*Id* at ¶ 54)

> . Similarly, Plaintiff alleges, "The Brazos Defendants are also active and necessary participants in the

Morton Defendants plan to complete the Merger on terms that [are] unfair to Morton public shareholders, as the Brazos Defendants likewise seek to pay as little as possible to Morton shareholders and have participated in disseminating of misleading information to Morton public shareholders in the March 23, 2006 press release, which was approved by Brazos." (*Id.* at ¶ 58)

13. The so-called "Delaware carve-out" exception to SLUSA does not apply here. SLUSA's Delaware carve-out provision states that "covered class actions" based on the statutory or common law of the state in which the issuer is incorporated may be maintained in state court. 15 U.S.C. § 77p(d)(1)(A) Under this provision, a "covered class action" involves any recommendation, position, or other communication regarding the sale of securities of the issuer that is made by or on behalf of the issuer or an affiliate of an issuer to holders of equity securities of the issuer, and that concerns decisions of those equity holders regarding voting their securities, acting in response to a tender or exchange offer, or exercising dissenters' or appraisal rights. *Id* The claim against Brazos Private Equity Partners, LLC,

and MMC Precision Holdings Corp fails to meet these requirements for two reasons.

14. *First*, Plaintiff's Complaint alleges violations of Georgia law, but Brazos Private Equity Partners, LLC, is a Texas limited liability company, and MMC Precision Holdings Corp is a Delaware corporation. Thus, Plaintiff's aiding and abetting claim against Brazos Private Equity Partners, LLC, and MMC Precision Holdings Corp is not based on the statutory or common law of the state in which Brazos Private Equity Partners, LLC, or MMC Precision Holdings Corp are incorporated. At no point does Plaintiff contend that his claim against Brazos Private Equity Partners, LLC, and MMC Precision Holdings Corp is based on Texas or Delaware law. *See Greaves v McAuley*, 264 F. Supp. 2d 1078, 1084 (N.D Ga. 2003)

15. *Second*, Brazos Private Equity Partners, LLC, and MMC Precision Holdings Corp. are not the issuers of Morton stock or affiliates of Morton.

16. Accordingly, the claims against Brazos Private Equity Partners, LLC, and MMC Precision Holdings Corp do not fall within the Delaware carve-out, and are, therefore, preempted and should be dismissed

under SLUSA In *Greaves v McAuley,* 264 F Supp. 2d 1078, 1086 (N D Ga 2003), the court held that Georgia state law claims against a non-Georgia entity did not fall within the Delaware carve-out and were, therefore, preempted under SLUSA Although, the *Greaves* court did not address whether the preempted claims should be dismissed, courts in Georgia and elsewhere have held that claims preempted under SLUSA must be dismissed upon removal *See, e g , Herndon v Equitable Life Assurance Society of the United States,* 253 F. Supp 2d 1364, 1367 (S.D Ga, 2002), *aff'd* 325 F.3d 1252 (11th Cir. 2003) [1]

---

[1] The *Greaves* court did not address dismissal because the parties stipulated that the sole issue for the court was whether the entire case could stay in federal court even though some of the claims fell within the Delaware carve-out The present case is distinguishable because the Brazos Defendants are seeking dismissal of the preempted claims

WHEREFORE, the Brazos Defendants remove this action to this Court.

Respectfully submitted this 26th day of April, 2006

By: /s/ John D. Dalbey

John D. Dalbey
Georgia Bar No. 003150
Nickolas P. T. Chilivis
Georgia Bar No. 124799
CHILIVIS, COCHRAN, LARKINS & BEVER, L L P.
3127 Maple Drive N E
Atlanta, Georgia 30305-2503
(404) 233-4171

Local Counsel for All Defendants

OF COUNSEL:

Robert R. Summerhays
Aaron D. Ford
WEIL, GOTSHAL & MANGES LLP
200 Crescent Court, Suite 300
Dallas, Texas 75201
(214) 746-7727

Counsel for Brazos Private Equity Partners, LLC, MMC Precision Holdings Corp, and MMC Precision Merger Corp.